TRUSTEES OF BOSTON
UNIVERSITY,
Plaintiff,

v.

EVERLIGHT ELECTRONICS CO.,
LTD. et al., Defendants.

Trustees of Boston University,
Plaintiff,

v.

Epistar Corporation, et al., Defendants.

Consolidated Civil Action
No. 12-11935-PBS
Civil Action No. 12-12326-PBS

United States District Court,
D. Massachusetts.

Signed August 9, 2016

Christopher L. Evans, Russell J. Depalma, Michael W. Shore, Alfonso Garcia Chan, Andrew M. Howard, Shore Chan Bragalone Depumpo LLP, Dallas, TX, Erik Paul Belt, Kelly A. Gabos, McCarter & English, LLP, Boston, MA, for Plaintiff.

Christopher S. Schultz, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Susan G. L. Glovsky, Hamilton Brook Smith Reynolds, Boston, MA, E. Robert Yoches, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, Eric Benisek, Stephen C. Steinberg, Jeffrey T. Lindgren, Richard C. Vasquez, Robert McArthur, Vasquez Benisek & Lindgren LLP, Lafayette, CA, Jeffrey D. Smyth, Ming-Tao Yang, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Bijal V. Vakil, Jeannine Yoo Sano, Pan Chih Lee, White & Case LLP, Palo Alto, CA, Kenneth M. Frankel, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Reston, VA, Lawrence P. Cogswell, III, Hamilton Brook Smith & Reynolds, P.C., Concord, MA, for Defendants.

## ORDER

Saris, Chief Judge.

On July 22, 2016, this Court denied the defendants' motion for judgment as a matter of law and/or a new trial, except with respect to the issue of damages. See Trs. of Boston Univ. v. Everlight Elecs. Co., No. 12–11935, 2016 WL 3962826, at *1 (D.Mass. July 22, 2016). Trustees of Boston University (BU) now moves for reconsideration of this Court's order granting remittitur or a new trial on damages. The Motion for Reconsideration (Docket No. 1776) is **DENIED**.

I agree with the plaintiff that a $9,300,000 running royalty from Epistar and a $4,000,000 running royalty from Everlight would have been in the range of acceptable damages awards if the jury had chosen the running royalty format for a reasonable royalty under the hypothetical negotiation approach, and specified a royalty base and rate on the verdict form. However, at the invitation of counsel to avoid the math, the jury elected to award damages based on a lump-sum calculation. While Plaintiff's counsel now attempts to explain how a lump-sum calculation could have been made based on the record (including the Osram license agreement), its damages expert did not provide any testimony to the jury on how to determine a lump-sum award under the <u>Georgia–Pacific</u> framework. <u>See</u> <u>Georgia–Pacific Corp. v. U.S. Plywood Corp.</u>, 318 F.Supp. 1116, 1120 (S.D.N.Y.1970). Given that the plaintiff rejected remittitur, damages must be retried.